UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JANICE G. CYPERT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 06-CV-668-SAJ |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security ) | |
| Administration,[1/] ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER[2/]

Pursuant to 42 U.S.C. § 405(g), Plaintiff Janice G. Cypert ("Plaintiff") appeals the decision of the Commissioner denying her supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1382c(a)(3). Plaintiff alleges that the ALJ erroneously found at Step Four of the sequential evaluation process that Plaintiff had past relevant work. For the reasons discussed below, the Court hereby reverses the Commissioner's decision and remands for an immediate award of benefits.

### 1. FACTUAL AND PROCEDURAL HISTORY

Plaintiff was born on February 21, 1950, and was 56 years old at the time of the ALJ's decision. (*See* R. 61, 219.) She completed the eighth grade in school and later worked as a waitress and a ticket seller. (R. 71, 83, 87, 89, 219-20.) She initially alleged that she became disabled on February 6, 2004, due to "stomach, kidneys, cancer" (*see* R.

---

[1/] Effective February 1, 2007, pursuant to Fed. R. Civ. P. 25(d)(1), Michael J. Astrue, Acting Commissioner of Social Security, is substituted for Jo Anne B. Barnhart as the defendant in this action. No further action need be taken to continue this suit by reason of the last sentence of section 42 U.S.C. § 405(g) of the Social Security Act.

[2/] This Order is entered in accordance with 28 U.S.C. § 636(c) and pursuant to the parties' Consent to Proceed Before United States Magistrate Judge.

70, 79, 82), but the record reflects that gastroparesis is her primary complaint (*see* R. 218). Plaintiff explains that gastroparesis involves paralysis of the stomach muscles and can prevent the stomach from emptying properly. Opening Br., Dkt. # 16, at 3 n. 1 (citing *Dorland's Illustrated Medical Dictionary* 759 (30th ed. 2003); Mayo Clinic Staff, Gastroparesis (updated April 10, 2007) <**http://www.mayoclinic.com>.**) It has caused Plaintiff to have frequent stomach pain, nausea, vomiting, diarrhea, weakness, fatigue, and depression. (*See* R. 140-48, 166-77, 227-31.)

Plaintiff filed her application for supplemental security income benefits on March 31, 2004.[3] (R. 61-63.) After she was denied benefits at the initial and reconsideration levels, she filed a timely Request for Hearing. Administrative Law Judge (ALJ) Richard J. Kallsnick held the hearing on May 5, 2006 (*see* R. 214-43), and issued an unfavorable decision on June 23, 2006. (R. 13-20.) Plaintiff filed a Request for Review with the Appeals Council, and the Appeals Council denied Plaintiff's request on October 20, 2006. (R. 4-6.) Plaintiff now seeks judicial review.

## 2. SOCIAL SECURITY LAW AND STANDARD OF REVIEW

The Commissioner has established a five-step process for the evaluation of social security claims. *See* 20 C.F.R. §§ 404.1520, 416.920. Disability under the Social Security Act is defined as the

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months; . . . .

---

[3] Plaintiff protectively filed on March 17, 2004. (*See* R. 79.)

42 U.S.C. § 423(d)(1)(A); see 42 U.S.C. § 1382c(a)(3)(A).  A claimant is disabled under the Social Security Act only if his

> physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work in the national economy, . . . .

42 U.S.C. § 423(d)(2)(A); 42 U.S.C. § 1382c(a)(3)(B).[4/]

The Commissioner's disability determinations are reviewed to determine (1) if the correct legal principles have been followed, and (2) if the decision is supported by substantial evidence.  See 42 U.S.C. § 405(g); *Bernal v. Bowen*, 851 F.2d 297, 299 (10th Cir. 1988); *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988).  The Court, in determining whether the decision of the Commissioner is supported by substantial evidence, does not examine the issues *de novo*.  *Sisco v. United States Dept. of Health and Human Services*, 10 F.3d 739, 741 (10th Cir. 1993).  The Court will "neither reweigh

---

[4/] Step One requires the claimant to establish that he is not engaged in substantial gainful activity (as defined at 20 C.F.R. §§ 404.1510, 416.910 and 404.1572, 416.972).  Step Two requires that the claimant demonstrate that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities.  *See* 20 C.F.R. §§ 404.1521, 416.972.  If claimant is engaged in substantial gainful activity (Step One) or if claimant's impairment is not medically severe (Step Two), disability benefits are denied.  At Step Three, claimant's impairment is compared with those impairments listed at 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the "Listings").  If a claimant's impairment is equal or medically equivalent to an impairment in the Listings, claimant is presumed disabled.  If a Listing is not met, the evaluation proceeds to Step Four, where the claimant must establish that his impairment or the combination of impairments prevents him from performing his past relevant work.  A claimant is not disabled if the claimant can perform his past work.  If a claimant is unable to perform his previous work, the Commissioner has the burden of proof (Step Five) to establish that the claimant, in light of his age, education, and work history, has the residual functional capacity ("RFC") to perform an alternative work activity in the national economy.  If a claimant has the RFC to perform an alternate work activity, disability benefits are denied.  *See Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

the evidence nor substitute its judgment for that of the Commissioner." *Qualls v. Apfel*, 206 F.3d 1368, 1371 (10th Cir. 2000); *see Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994). The Court will, however, meticulously examine the entire record to determine if the Commissioner's determination is rational. *Williams*, 844 F.2d at 750.

"The finding of the Secretary[5] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Substantial evidence is that amount and type of evidence that a reasonable mind will accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Williams*, 844 F.2d at 750. In terms of traditional burdens of proof, substantial evidence is more than a scintilla, but less than a preponderance. *Perales*, 402 U.S. at 401. Evidence is not substantial if it is overwhelmed by other evidence in the record. *Williams*, 844 F.2d at 750. This Court must also determine whether the Commissioner applied the correct legal standards. *Washington v. Shalala*, 37 F.3d 1437, 1439 (10th Cir. 1994). The Commissioner's decision will be reversed when he uses the wrong legal standard or fails to clearly demonstrate reliance on the correct legal standards. *Glass*, 43 F.3d at 1395.

### 3. ADMINISTRATIVE LAW JUDGE'S DECISION

The ALJ found that: (1) Plaintiff had not engaged in substantial gainful activity at any time relevant to the decision[6]; (2) she had the following severe impairments: chronic

---

[5] Effective March 31, 1995, the functions of the Secretary of Health and Human Services ("Secretary") in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. For the purpose of this Order, references in case law to "the Secretary" are interchangeable with "the Commissioner."

[6] The sequential evaluation process requires a finding at Step One that the claimant is disabled "if you are doing substantial gainful activity," or "if you are working and the work you are doing is substantial gainful activity," 20 C.F.R. §§ 404.1520(a)(4)(i), (b), 416.920(a)(4)(i), (b), which implies an assessment of whether the Plaintiff is working at the time of the ALJ's decision

gastritis and major depressive disorder (moderate, recurrent), and PTSD (post-traumatic stress disorder); (3) she did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1.; (4) she had the residual functional capacity for medium work and no limitations on her standing/walking, sitting, or postural activities, although she did have an affective disorder; (5) she was capable of performing past relevant work as a waitress and ticket seller as that work does not require the performance of work-related activities precluded by the claimant's residual functional capacity ("RFC"); and (6) that she had not been under a "disability" as defined in the Social Security Act at any time through the date of the decision. (R. 17-20.)

Before reaching his conclusion, the ALJ made an alternative finding: "[a]ssuming, arguendo, that the claimant could not return to her past relevant work as a waitress or ticket seller, subject to the limitations(s) on the residual functional capacity set forth above, the undersigned would still find that the claimant was not disabled because there is other work she could perform." (R. 19.) He then explained how the burden of proof shifts at Step Five of the sequential evaluation process, and he described the testimony of the vocational expert upon which he relied to find that there are a significant number of jobs in the national economy Plaintiff could perform despite her impairments. (R. 19-20.)

---

or has worked during the period of disability. In Title II cases, the period of disability generally begins on the day the disability began, 42 U.S.C. § 416(i)(2)(C); in Title XVI, it appears to begin when a claimant applies for benefits, *see* 42 U.S.C. § 1382(c). In any event, the ALJ was not making a determination as to whether any of Plaintiff's employment prior to the onset of her disability involved substantial gainful activity. That determination becomes relevant to the issue of whether she had past relevant work at Step Four of the sequential evaluation process, as discussed more fully below.

### 4.  REVIEW

Plaintiff challenges the ALJ's finding at Step Four of the sequential evaluation process that she was capable of performing past relevant work.  More specifically, Plaintiff's argument targets the ALJ's underlying assumption that Plaintiff had any past relevant work to perform.  "Past relevant work" is defined as work that (1) was done within the last fifteen (15) years (the so-called recency requirement), (2) lasted long enough for the worker to learn to do the job (the so-called duration requirement), and (3) was substantial gainful activity.  20 C.F.R. § 416.965(a); *see Jozefowicz v. Heckler*, 811 F.2d 1352, 1355 (10th Cir. 1987).  Plaintiff does not dispute that her past employment met the recency and duration requirements of the regulation.  Instead, she argues that she did not earn enough when she worked for her past employment to constitute "substantial gainful activity."[7]

The regulations define "substantial gainful activity" as "work that (a) [i]nvolves doing significant and productive physical or mental duties; and (b) [i]is done (or intended) for pay or profit."  *Id.* at § 416.910; *see id.* at § 416.972.  The regulations set forth evaluation guides to determine whether a claimant's employment earnings show substantial gainful activity.  *Id.* at § 416.974(a)(1).  A table of monthly earnings for the years prior to 2000 sets forth the amount of earnings that will "ordinarily" show whether a claimant has engaged in

---

[7]  The regulation also states: "If you have no work experience or worked only off-and-on for brief periods of time during the 15-year period, we generally consider that these do not apply." 20 C.F.R. § 416.965(a).  The Tenth Circuit has found that this statement relates to the duration requirement, *Jozefowicz v. Heckler*, 811 F.2d 1352, 1356 (10th Cir. 1987), and Plaintiff makes reference to the statement, but she does not seriously argue that her past employment failed to meet the duration requirement.

substantial gainful activity. *Id.* at § 416.974(b).[8/] However, the Commissioner considers other information in addition to a claimant's earnings "if there is evidence indicating that you may be engaged in substantial gainful activity or that you are in a position to control when earnings are paid to you or the amount of wages paid to you." *Id.* at § 416.974(b)(3)(ii). There is no such evidence in Plaintiff's case and the Commissioner does not dispute that Plaintiff failed to earn enough during her years of employment to meet the amounts set forth in the guidelines.

Instead, the Commissioner argues that the regulatory earnings standards merely create a rebuttable presumption as to what constitutes substantial gainful activity. The Commissioner attempts to rebut the presumption by arguing that (1) Plaintiff performed her jobs as waitress and ticket seller within the fifteen years prior to the ALJ's decision; (2) she worked at both jobs long enough to learn them; (3) both jobs are semi-skilled with a specific vocational preparation of 3; (4) she claimed to have worked 40 hours per week for more than three months; (5) she performed both jobs in the competitive work environment and not in a sheltered workshop-type environment; (6) there is no allegation that she did not perform her jobs satisfactorily; and (7) she performed her jobs for pay or profit and earned money for doing so. (*See* Resp. Br., Dkt. # 17, at 4-5.) None of these attempts to rebut the presumption show that Plaintiff engaged in substantial gainful activity. They show that her prior work experience satisfies other requirements in the regulations (e.g., the recency and duration requirements), but they fail to address the requirements of 20 C.F.R.

---

[8/]  Plaintiff points out that the Commissioner revised its rules in 2000 to automatically adjust each year the average monthly earnings guidelines. The adjustments are based on the national average wage index.  *See* 65 Fed. Reg. 82905, 92906 (2000).

§ 416.974(b)(3)(ii), which trigger the Commissioner's obligation to consider other information to rebut the presumption created by the earnings table of § 416.974(b)(2).

The ALJ never addressed whether Plaintiff earned enough income for her employment prior to her alleged onset of disability to be considered substantial gainful activity and thus, whether she had past relevant work for purposes of making a determination at Step Four of the sequential evaluation process. His Step Four finding that she could perform past relevant work assumes, without analysis, that she had past relevant work. The following language in 20 C.F.R. § 416.965(a) could make this error appear harmless, given the ALJ's alternative finding at Step Five: "[E]ven if you have no work experience, we may consider that you are able to do unskilled work because it requires little or no judgment and can be learned in a short period of time." *Id.* However, as Plaintiff points out, the regulations *direct* a finding of disabled for someone who has no work experience if he or she is of advanced age (55 and over),[9] has limited or less education, and has a residual functional capacity for medium work. 20 C.F.R. Pt. 404, Subpt. P., App. 2, § 203.10.

### 5. CONCLUSION

While the Court would normally reverse and remand for further proceedings consistent with this opinion, the Court finds that an immediate award of benefits is appropriate in this situation, where a remand for additional fact finding and correct application of the law would serve no useful purpose, and "merely delay the receipt of benefits." *See Salazar v. Barnhart*, 468 F.3d 615, 626 (10th Cir. 2006) (citation omitted).

---

[9] *See* 20 C.F.R. 416.963(e).

Accordingly, the Commissioner's denial decision is **reversed** and the case **remanded for an immediate award of benefits.**

It is so ordered this 30th day of January, 2008.

Sam A. Joyner
United States Magistrate Judge